Filed 3/24/26  P. v. Musselman CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B342372 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA076233-01) |
| v. | |
| CHRISTOPHER FRANCIS MUSSELMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Affirmed.

Kree D. Filer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Christopher Musselman (defendant) was convicted of multiple offenses arising out of a home invasion robbery using a firearm.  The trial court sentenced defendant to an aggregate term of 40 years.  The sentence included an upper term sentence on count 2, as well as a consecutive year for a prior prison term enhancement imposed pursuant to Penal Code[1] section 667.5, subdivision (b).

In 2024, the superior court resentenced defendant pursuant to section 1172.75.  Upon resentencing, the court struck defendant's one-year prior prison term enhancement and reimposed the upper term on count 2.

On appeal, relying on *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*), defendant contends the trial court erred in reimposing the upper term sentence based on aggravating factors not stipulated to or found true beyond a reasonable doubt in a court or jury trial.  He also alleges, and the People agree, the conviction assessment fees imposed pursuant to Government Code section 70373, subdivision (a)(1) must be stricken.  Finally, in supplemental briefing, defendant argues the balance of his restitution fine must be stricken pursuant to section 1465.9, which became effective after the recall and resentencing hearing in this case.  Respondent agrees.

We affirm the trial court's resentencing order but strike the unauthorized criminal conviction assessment fee and vacate any unpaid amount of his restitution fine.

---

[1]     Unless otherwise designated, all further statutory references are to the Penal Code.

## BACKGROUND[2]

In 2007, a jury convicted defendant of three counts of first degree robbery (§ 211; counts 2, 3, and 4), one count of first degree burglary (§ 459; count 5), and one count of possession of a firearm by a convicted felon (§ 12021, subd. (a)(1); count 8). The jury found true the allegations that defendant used a firearm in each of the robberies (§ 12022.53, subd. (b)) and used a firearm during the burglary (§ 12022.5, subd. (a)).

In bifurcated proceedings, the trial court found defendant suffered a prior serious or violent felony conviction within the meaning of the "Three Strikes" law (§§ 667, subd. (b)-(i) & 1170.12, subds. (a)-(d)). The trial court also found true the allegations that defendant had suffered a prior serious felony conviction (§ 667, subd. (a)) and served a prior prison term (§ 667.5, subd. (b)).

On August 2, 2007, the trial court sentenced defendant to an aggregate term of 40 years as a second-strike defendant. The court imposed a term of 28 years on count 2, comprised of the upper term of six years doubled, or 12 years, with 10 years for the firearm enhancement, five years for the prior serious felony enhancement, and one year for the prior prison term enhancement. In counts 3 and 4, the court imposed consecutive terms of six years each, consisting of one year and four months, doubled, or two years and eight months, plus three years and four months for the firearm enhancement. Sentences on counts 5 and 8 were stayed pursuant to section 654.

---

[2] Because the facts of the underlying offense are not relevant to the issues presented, we omit them.

3

We affirmed the judgment on appeal in *People v. Musselman* (Oct. 31, 2008, B202103) (nonpub. opn.).

On July 27, 2023, defendant filed a pro se petition for resentencing pursuant to former section 1171.1.[3] Upon receipt, the court noted "defendant's name appear[ed] on the California Department of Corrections and Rehabilitation's list of [individuals] eligible for possible re-sentencing pursuant to Senate Bill 483 (Penal Code sections 1172.7(a) and 1172.75(a))." The court appointed counsel to represent defendant and set the matter for hearing. The People filed an opposition to the resentencing motion. Defendant, through counsel, filed a resentencing motion.

On November 20, 2024, the court held a resentencing hearing pursuant to section 1172.75, subdivision (a), during which it struck the one-year section 667.5, subdivision (b) enhancement. The court otherwise reimposed the same sentence, including the upper term sentence in count 2.

Defendant filed a timely notice of appeal.

## DISCUSSION

I.  **The trial court did not err in reimposing an upper term sentence during resentencing pursuant to section 1172.75**

A.  *Relevant facts*

Ahead of resentencing, defendant filed a sentencing brief asking the court to: (1) strike the one-year prison prior enhancement, (2) "apply any other applicable changes in the

---

[3]  On July 1, 2022, former section 1171.1 was renumbered to section 1172.75 without substantive change.

sentencing laws," and (3) resentence defendant to a total term of 30 years in state prison. Relevant here, defendant asked the court to impose the "mid-term on all counts pursuant to the authority of Penal Code §§ 1170(b)(2) and 1170(b)(6)(B) as well as consider any other mitigation presented at a further hearing."

The People filed a sentencing memorandum in which they opposed any change to defendant's sentence "beyond the dismissal of his one prior . . . § 667.5[, subdivision (b)] allegation." To support their position, the People pointed to defendant's criminal history, his parole status at the time of the commitment offense, and his disciplinary history while in custody, including a 2017 criminal conviction sustained while in state prison. The People relied on the court's discretion to retain the upper term sentence pursuant to section 1172.75, subdivision (d)(4).

During the resentencing hearing, defense counsel again asked the court to resentence defendant to 30 years in state prison and pointed to defendant's "reflection," "personal growth," and evidence of his rehabilitation. The People's position and supporting arguments remained unchanged from their memorandum and they noted the timing of defendant's rehabilitative classes, which were all completed within three months of the hearing date. One of the victims addressed the court to explain the impact the offense had on him and his family and asked the court not to alter defendant's sentence any more than required.

Upon resentencing, the court noted defendant was "entitled to a full re-sentencing," which included applying "all the changes to the law that had taken place since [defendant] was originally sentenced." First, though it was not specifically sought by defendant, the court declined to strike defendant's prior strike

5

conviction, finding defendant "does fall within the spirit of the Three Strikes law."  Next, the court declined to strike the gun enhancements because, here, "[the gun] wasn't merely in his hand and he showed it;" rather, defendant "took that firearm, held it to the heads of the victims in this matter, and threatened to kill them with it."  Finally, finding it was not "in the interest of justice to change any of the other portion of [defendant's] sentence" and noting its authority to "re-sentence him to the upper term without looking at anything else," the court reimposed the upper term on count 2.

As discussed, on appeal defendant contends the trial court erred in reimposing the upper term because there were no aggravating circumstances found beyond a reasonable doubt by the jury or stipulated to as required by section 1170, subdivision (b).  We disagree.

### B.    *Standard of review*

We review the trial court's sentencing decision pursuant to section 1172.75 for abuse of discretion and "'"ask whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was neither arbitrary nor capricious."'" (*People v. Garcia* (2024) 101 Cal.App.5th 848, 857.)

We review issues of statutory interpretation de novo. (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466 (*Brannon-Thompson*).)  "Our goal in reviewing statutory language is to determine the legislative intent of the statute. [Citation.]  'Because the statutory language is generally the most reliable indicator of that intent, we look first at the words themselves, giving them their usual and ordinary meaning.'

6

[Citation.] When the statutory language is unambiguous, its plain meaning controls." (*Ibid*.)

### C. *Section 1172.75*

Section 1172.75, subdivision (a) states, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is legally invalid." When a judgment includes such an enhancement, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Section 1172.75 requires full resentencing for all defendants who qualify for recall of sentence under the statute. (*People v. Rogers* (2025) 108 Cal.App.5th 340, 361.) The court may "revisit all prior sentencing decisions" (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425) and ""has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall."" (*Rogers,* at p. 358.)

Section 1172.75, subdivision (d)(1) directs that resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety" and "shall not result in a longer sentence than the one originally imposed." The statute requires the court to apply "changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (§ 1172.75, subd. (d)(2)) and provides that the court "may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence

7

that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice" (§ 1172.75, subd. (d)(3)).

Finally, "[*u*]*nless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1172.75, subd. (d)(4), italics added.)

### D. *Section 1170*

"The original version of section 1170 . . . stated that, when a statute specified three terms, 'the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime.'" (*People v. Dozier* (2025) 116 Cal.App.5th 700, review granted Feb. 11, 2026, S294597.)  In 2007, *Cunningham v. California* (2007) 549 U.S. 270 (*Cunningham*) held California's determinate sentencing law violated a defendant's Sixth Amendment right to a jury trial by giving the trial judge, rather than the jury, "authority to find the facts that expose a defendant to an elevated 'upper term' sentence." (*Cunningham*, at p. 274.)  *Cunningham* suggested the problem could be remedied by either (1) having the jury "find any fact necessary to the imposition of an elevated sentence" or (2) by "permit[ting] judges genuinely 'to exercise broad discretion . . . within a statutory range.'"  (*Id.* at p. 294.)

In response to *Cunningham*, the Legislature followed the second of the two approaches, amending section 1170, subdivision (b) to "eliminate the middle term presumption and instead give

the trial court authority to select among any of the three terms as a matter of discretion and without any judicial factfinding." (*People v. Lynch* (2024) 16 Cal.5th 730, 759 (*Lynch*).) This is the statutory provision under which defendant was sentenced.

In 2022, the Legislature amended section 1170, subdivision (b) to reflect the first of the two *Cunningham* approaches. (*Lynch, supra*, 16 Cal.5th at p. 748.) Thus, under the current version of section 1170, subdivision (b), when a statute specifies three possible terms, the middle term is the presumptive sentence and the trial court may only "'impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of' an upper term sentence, and 'the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.'" (*Lynch*, at p. 748.) This change "safeguard[s] the Sixth Amendment jury trial guarantee" by requiring that "'any fact that *exposes* a defendant to a greater *potential* sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence.'" (*Lynch,* at p. 760, original italics, quoting *Cunningham, supra,* 549 U.S. at p. 281.)

E.    *Analysis*

At the time of defendant's sentencing in August 2007, when a statute specified three terms, former section 1170, subdivision (b) provided the choice between the lower, middle, and upper terms "shall rest within the sound discretion of the court." (Former § 1170, subd. (b), as amended by Stats. 2007, ch. 3, § 2, pp. 6–7; see *Lynch, supra,* 16 Cal.5th at p. 747.) Under this

provision, the trial court sentenced defendant to an upper term sentence.

As noted, section 1172.75, subdivision (d)(4) mandates, upon resentencing, a "court may not impose a sentence exceeding the middle term" without heightened factfinding requirements, "[u]*nless the court originally imposed the upper term.*" (italics added.) Courts of Appeal currently disagree about how to properly interpret the meaning of this provision, and the issue is presently pending before the California Supreme Court.[4]

In *Brannon-Thompson,* the court interpreted section 1172.75, subdivision (d)(4) by looking at the plain language. In so doing, *Brannon-Thompson* found, in cases where a defendant was originally sentenced to an upper term, the resentencing court may reimpose the upper term even if aggravating factors were not found true beyond a reasonable doubt. (*Brannon-Thompson, supra,* 104 Cal.App.5th at p. 458.) The court found, although section 1172.75, subdivision (d)(2) generally requires the resentencing court to apply any ameliorative changes in the law during a section 1172.75 resentencing, subdivision (d)(4) "carves out an exception to the general rule" and "does not require aggravating factors to be found true beyond a reasonable doubt if

---

[4] The Supreme Court granted review in *People v. Eaton* (Mar. 14, 2025, C096853) (nonpub. opn.), review granted May 14, 2025, S289903, to resolve the following question: "May a trial court reimpose a previously imposed upper term sentence under Penal Code section 1172.75, subdivision (d)(4) where the facts underlying one or more aggravating circumstances were neither stipulated to by the defendant nor found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial (cf. Pen. Code, § 1170, subd.[ ](b)(2); *id.,* § 1172.75, subd. (d)(2))?"

the upper term was previously imposed." (*Brannon-Thompson,* at p. 458.)  Thus, *Brannon-Thompson* concluded the "plain meaning" of the statute makes it "evident the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*Brannon-Thompson,* at p. 467; *id.* at pp. 466–467.)

Defendant contends *Brannon-Thompson* was wrongly decided and urges us to follow *Gonzalez.*  In *Gonzalez,* the court "acknowledge[d] that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence."  (*Gonzalez, supra*, 107 Cal.App.5th at pp. 328–329.)  However, the *Gonzalez* court was concerned that "reading an exemption into section 1172.75, subdivision (d)(4) . . . and thereby allowing a court to resentence a defendant to an upper term sentence without proof beyond a reasonable doubt of aggravating factors, would run afoul of the Sixth Amendment implications identified in *Lynch*[*, supra,* 16 Cal.5th at p. 768]." (*Id.* at p. 330.)  We find no such impediment.

When evaluating the two approaches taken in *Brannon-Thompson* and *Gonzalez,* the court in *People v. Mathis* (2025) 111 Cal.App.5th 359, review granted August 13, 2025, S291628 (*Mathis*) agreed with *Brannon-Thompson*'s conclusion and further concluded the approach did not implicate the Sixth Amendment as *Gonzalez* found.  (*Mathis,* at pp. 373–374.)  The *Mathis* court reasoned, when a defendant was originally sentenced to an upper term prior to 2022, like defendant here, the statutory scheme "did not run afoul of the Sixth Amendment" because it authorized the imposition of upper term sentences

11

without any additional factfinding. (*Id.* at p. 373.) As a result, where "the trial court elects to retain an upper term sentence that complied with the Sixth Amendment when originally imposed, the court need not engage in any additional factfinding under section 1172.75, subdivision (d)(4)." (*Id.* at pp. 373–374.) Thus, according to *Mathis*, only "for defendants who did not receive an upper term in their original sentencing, to ensure that any newly imposed upper term sentence is consistent with the Sixth Amendment, [did] the Legislature mandate[] that any such aggravating fact be found pursuant to the heightened factfinding requirements specified in *Cunningham*."[5] (*Mathis*, at p. 373) Because defendant's sentence comported with Sixth Amendment requirements set forth in *Cunningham,* it "'encounters no Sixth Amendment shoal.'" (*Lynch, supra,* 16 Cal.5th at p. 747.)

*Mathis* further explained, although "we presume that the Legislature intends ameliorative changes in sentencing law to apply in all cases that are nonfinal, including cases which became nonfinal due to resentencing, . . . the Legislature is also free to 'write statutes that provide for a different or more limited form of retroactivity, or for no retroactivity at all,' and it may 'disclaim

---

[5]     We note the court in *People v. Dozier* went a step further, finding the Sixth Amendment was not implicated for defendants sentenced before section 1170 was amended as a result of *Cunningham*. Specifically, the court reasoned the Legislature is presumed to have been aware of and intended "that, under section 1172.75, subdivision (d)(4), some defendants previously sentenced to an upper term based on judicial factfinding could be resentenced to an upper term without any new heightened factfinding[; and found t]he Legislature was entitled to make that choice in enacting this ameliorative legislation." (*People v. Dozier, supra,* 116 Cal.App.5th at p. 715, review granted.)

the application of a new ameliorative law to proceedings that occur after a defendant's conviction or sentence has been vacated.' . . . Section 1172.75, subdivision (d)(4), does exactly that. It expresses the Legislature's intent that the new, heightened factfinding requirements for aggravating factors do not apply where the defendant was originally, lawfully sentenced to an upper term." (*Mathis, supra,* 111 Cal.App.5th at p. 374, citations omitted.) We conclude, pursuant to the plain language of section 1172.75, subdivision (d)(4), the trial court did not err in reimposing the upper term during defendant's resentencing.

## II. The criminal conviction assessment must be stricken

The parties agree the criminal conviction assessment fee imposed pursuant to Government Code section 70373 must be stricken. We also agree.

At the time of resentencing, the court imposed a "$150 criminal conviction fee." The amended abstract of judgment reflects a "[c]onviction [a]ssessment" of $150 was imposed pursuant to Government Code section 70373.[6]

The fee provided for in Government Code section 70373 became effective January 1, 2009, and "applies to convictions imposed after its effective date." (*People v. Mendez, supra,* 188 Cal.App.4th at p. 61.) Therefore, it may not be retroactively

---

[6] "Government Code section 70373, subdivision (a)(1), provides that '[t]o ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense' in the amount of $30 for each misdemeanor or felony." (*People v. Mendez* (2010) 188 Cal.App.4th 47, 60.) Here, defendant was convicted of five counts at $30 per count, resulting in a total assessment of $150.

13

imposed. Defendant was convicted on May 21, 2007—a year and a half *before* Government Code section 70373 went into effect.

Therefore, we strike the criminal conviction assessments imposed pursuant to Government Code section 70373 and direct the trial court to amend the abstract of judgment to reflect their removal.

### III. The restitution fine imposed pursuant to section 1202.4 is vacated

When sentenced in 2007, defendant was ordered to pay a restitution fine of $1,000 pursuant to section 1202.4. Effective January 1, 2025, section 1465.9 was amended to add subdivision (d), which provides, "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated." (Stats. 2024, ch. 805, § 1.)

Pointing to this provision, defendant argues any remaining amount of his section 1202.4 restitution fine should now be vacated. Respondent agrees that such relief is appropriate. We agree with the parties that section 1465.9, subdivision (d), which went into effect after the resentencing hearing in this case, requires vacatur of the remaining balance of the restitution fine. (See *People v. Greeley* (2021) 70 Cal.App.5th 609, 626–627 [holding the plain meaning of analogous language in § 1465.9, subd. (a), mandates "vacation of a portion of a judgment for the purpose of striking the . . . unpaid balance" of the relevant assessments]; see also *People v. Rowland* (2022) 82 Cal.App.5th 1099, 1125 [similar].)

14

Accordingly, we vacate defendant's section 1202.4 restitution fine pursuant to section 1465.9 and direct the trial court to amend the abstract of judgment to reflect its removal.

**DISPOSITION**

The judgment upon resentencing is affirmed. Defendant's criminal conviction assessments imposed pursuant to Government Code section 70373 are stricken and his restitution fine imposed pursuant to section 1202.4 is vacated. The trial court is directed to prepare a corrected abstract of judgment reflecting removal of the fees assessed pursuant to Government Code section 70373 and the section 1202.4 restitution fine and to forward a certified copy to the California Department of Corrections and Rehabilitation.

CHAVEZ, J.

We concur:

LUI, P. J.

GILBERT, J.*

---

\*      Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

15